UNITED STATES DISTRICT COURT
for the

EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S
U.S. DISTRICT C

★ JAN 19 2016

LONG ISLAND OFFICE

ELIZABETH PODLACH

          Plaintiff,

-against-

COMPLAINT

CV No.: 14 CV 6954

JURY TRIAL DEMANDED

VILLAGE OF SOUTHAMPTON,
SOUTHAMPTON VILLAGE POLICE
DEPARTMENT, POLICE OFFICER
ASHLEY E. JONES, JANE DOE 1, JOHN DOE 1,
and JOHN DOE 2, in their individual and official
capacities.

FEUERSTEIN, J

LOCKE, M. J.

          Defendants.

## OBJECTIONS TO REPORT OF STEVEN I. LOCKE, MAGISTRATE

To:   STEPHEN FUNSCH, Village Administrator
VILLAGE OF SOUTHAMPTON
23 Main Street
Southampton, N.Y. 11968

      SOUTHAMPTON VILLAGE POLICE DEPARTMENT
151 Windmill Lane
Southampton, N.Y. 11968

P.O. ASHLEY E. JONES
Southhampton Village Police Department
151 Windmill Lane
Southampton, N.Y. 11968

DEVITT SPELLMAN BARRETT, LLP

**RECEIVED**

JAN 2 0 2016

**EDNY PRO SE OFFICE**

Attorneys for Defendants
50 Route 111
Smithtown, NY 11787

1. I received the January 7, 2016 Report of Magistrate Steven I Locke on or about January 13, 2016 approximately five days after Defendant's January 8, 2016 post marked. Pursuant to the recommendation of said report that I be granted Leave to File an Amended Complaint and that my objections to the report be filed within fourteen (14) days of receipt hereof, this is my timely request for such leave to file an amended complaint and objections to the report. This is also my request that this matter be marked off calendar, until on or after May 30, 2016 as I am just beginning my second year of Nursing School at Suffolk County Community College, and/or that my time to file such amended complaint be extended such time.

2. My primary objection to the report is that it does not address what I believe is the seminal issue of my complaint, i.e., the veracity and/or constitutionality of the Defendant's alleged village ordinance allegedly: i) banning cursing; and ii) providing the predicate to Officer Jones' authority to demand that I step out of my car. Specifically, Defendant, via their counsel Jeltje deJong, counsel to the law firm DeVitt Spellman Barrett, LLP, admits at page 2 of their brief that "[t]he officer [Officer Jones] told Potlatch that it is a violation of the Southhampton Village Ordinance to curse, and that she was going to give Potlatch a citation, for which she would have to pay a fine." Upon information and belief, Defendants never identified any such ordinance, and any such ordinance either: i) does not exist; or ii) is unconstitutional. I believe that the seminal issue is whether Officer Jones fabricated her basis for demanding that I step out of my car, or whether she did so pursuant to an unconstitutional village ordinance. I would ask that the order either reconsider its recommendation of dismissal, or specify whether its position is: i) that such omission is immaterial; or ii) that such ordinance banning cursing is constitutional per se.

3. I would also like, pursuant to Judge Locke's Order, to amend my complaint. Putting aside the issues of the existence and/or constitutionality of an ordinance making cursing a violation, I would like to clarify the details between Officer Jones' demand that I step out of my car pursuant to an unspecified village ordinance banning cursing, and my arrest.

4. Thus, for example, I would like to clarify that after Officer Jones, upon information and belief, fabricated the existence of a village ordinance banning cursing and asked me to step out the car, she and I continued to have an extended conversation about my boyfriend. After a period, she appeared to become weary of the propriety of fabricating such an ordinance and directing me to step out of my car with that lie serving as the sole predicate. Indeed, she shined her flashlight in my car, apparently hoping to see evidence of a crime, but admittedly there was none, and since I was wearing designer jeans and a tee shirt, she could see that was unarmed. Accordingly, I would like to clarify that when, after we started discussing my boyfriend and she indicated that she was offended that I cursed, the fact that she then started walking away led me to reasonably believe that she decided not to follow through with an illegal search, and that it was perfectly reasonable for me to drive away at a low speed of approximately five (5) miles per hour. I would ask that the order either reconsider all of its analyses including its "objectively

reasonable" analysis of my excessive force claim in light of the clarified issues and facts (an Officer Jones directing me to step out of my car pursuant to a fictitious and/or unconstitutional village ordinance banning cursing, and then apparently reconsidering the order and walking away, followed by my driving away at low speed and then stopping on my own) gave rise to male officer John Doe 1 threatened use of deadly force, and John Doe 1 and 2 arresting me without my having committed any crime, and solely on the basis of my admittedly cursing.

5. Like to further clarify and explicitly state that the officer's threat of deadly force and arrest of an unarmed person who is not alleged to have committed any crime, or to pose any threat to myself, the officers, or the public, solely on the basis of a fictitious or unconstitutional village ordinance banning cursing is upon information and belief objectively extreme and outrageous, intended to cause, or recklessly disregarded the substantial probability of causing severe emotional distress where as here they were aware of the fact that I was trying to find my boyfriend after hearing that someone had been run over by the LIRR and that the responded to my request for directions by arresting me.

6. I further object to the order reconsider and/or clarify its conclusion at pgs 32-33 that without allowing discovery to ascertain the scope of the officer's employment training, that "[n]o reading of Plaintiff's Complaint is conducive to an interpretation that Defendants were acting outside of [such] scope of their employment," solely because of the order's reasoning that "[h]ere, Plaintiff alleges that Defendant's actions 'occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as . . . Southhampton officer[s], and while they were acting as an [sic] agents, officers, servants and employees of Defendant Village of Southhampton Police Department.' " I believe that disallowing discovery to ascertain the scope of employment, followed by a decision that officers could not be acting beyond the scope of employment solely because they were in uniform and on duty does not address my claim, is improper on its face, and/or should be reached only after I am allowed to clarify the issue.

Dated: January _, 2016

_____
ELIZABETH PODLACH