FILED
CLERK
2/25/2016 11:27 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIZABETH PODLACH,

                 Plaintiff,

  -against-

VILLAGE OF SOUTHAMPTON, SOUTHAMPTON
VILLAGE POLICE DEPARTMENT, POLICE
OFFICER ASHLEY E. JONES, JANE DOE 1, JOHN
DOE 1, and JOHN DOE 2, in their individual and
official capacities,

                 Defendants.
------------------------------------------------------------------X

**ORDER**
14-CV-6954 (SJF) (SIL)

FEUERSTEIN, J.

On November 26, 2014, *pro se* plaintiff, Elizabeth Podlach ("Podlach" or "Plaintiff"), commenced this action alleging civil rights violations and state law causes of action arising out of an August 30, 2103 traffic stop in the Village of Southampton. Docket Entry No. ("DE") 1, Compl. On May 7, 2015, Defendants moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). DE 10, Notice Mot. Dismiss. On August 31, 2015, this Court referred the pending motion to Magistrate Judge Steven I. Locke for a report and recommendation ("Report").[1] DE 18, Order. On January 7, 2016, Magistrate Judge Locke issued a Report recommending that the Court grant Defendants' motion to dismiss in its entirety and give Plaintiff leave to amend her complaint. DE 20, Report and Recommendations. On January 19, 2016, Plaintiff objected to the Report (the "Objections"), DE 22, Objection; on

---

[1] The facts and procedural history underlying this action are set forth in the Report and are hereby incorporated by reference. *See* DE 20, Report and Recommendations, at 1-6.

January 27, 2016, Defendants responded to the Objections on January 27, 2016 (the "Response"), DE 23, Reply in Opp'n.

This Court has fully considered the Report, the parties' respective submissions, and Plaintiff's *pro se* status.[2] For the reasons stated below, the Court adopts the Report's factual findings and legal conclusions regarding Plaintiff's federal law claims and its recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. By declining to exercise supplemental jurisdiction, the Court does not adopt the Report's conclusions on the merits of Plaintiff's state law claims. The motion to dismiss is granted in its entirety, and Plaintiff is granted leave to amend her complaint.

## I.   STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be

---

[2] Generally, a court should construe submissions by *pro se* plaintiffs liberally and "'interpret them to raise the strongest arguments that they suggest.'" *Scott v. Rock*, No. 10-cv-5989, 2013 WL 360398, at *3 (E.D.N.Y. Jan. 30, 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II. DISCUSSION

The Report recommends that Defendant's motion to dismiss be granted in its entirety. DE 20, Report and Recommendations. In her Objections, Plaintiff argues that: 1) the alleged town ordinance banning profanity does not exist, and that Officer Jones's use of the ordinance to stop Plaintiff in her car was a pretext for executing an unconstitutional and unlawful traffic stop; and 2) discovery should be permitted into Plaintiff's negligent supervision, state law claim. DE 22, Objection, at 1-2. Defendant responds only that Plaintiff's allegation of the fictional town ordinance is a new claim that may be raised in an amended complaint, but does not constitute an objection to the Report. DE 23, Response, at 3. Defendant is correct. In light of the fact that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's request for discovery on her negligent supervision claim is moot.

Plaintiff, *pro se*, requests leave to amend her complaint and for her time to file the amended complaint to be "marked off [the] calendar, until on or after May 30, 2016 as [she is] just beginning [her] second year of Nursing School . . . ." DE 22, Objections, at 2. A *pro se* plaintiff "should get at least one chance to amend his or her complaint before a court dismisses it due to a pleading deficiency." *Steadman v. Mayo*, No. 09-cv-5154, 2012 WL 1948804, at *6 (S.D.N.Y. Mar. 27, 2012) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d

3

Cir. 1999) (*per curiam*)). Defendant does not oppose Plaintiff's request to amend her complaint but opposes the delay that would be caused by Plaintiff's time extension. DE 23, Response, at 3; DE 23-1, Supp. Ltr., at 1.

A court "may, for good cause, extend the time" within which "an act may or must be done," such as the time for filing an amended complaint. Fed. R. Civ. P. 6(b). To determine whether Plaintiff has established "good cause" for an extension, the Court examines: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the judicial proceedings; 3) the reason for the delay, including whether it is in the reasonable control of the movant; and 4) whether the movant has acted in good faith. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (analyzing what constitutes "excusable neglect" in failing to act until after the specified time limit has expired); *Hayes v. Dist. of Columbia*, 275 F.R.D. 343, 346 (D.D.C. July 29, 2011) (holding plaintiff demonstrated "excusable neglect" in failing to file amended complaint within Federal Rule of Civil Procedure 15(a)'s time limits and extending time for plaintiff to amend complaint).

Plaintiff seeks approximately three (3) months to file an amended complaint based upon her academic schedule. Defendants have not established that they would be prejudiced by the requested extension; the three-month delay is unlikely to have an adverse effect on this Court's calendar or judicial proceedings; the delay is based upon facts beyond Plaintiff's control; and Plaintiff has acted in good faith by seeking a reasonable extension before the expiration of the time allotted. As a result, Plaintiff has demonstrated "good cause" for an extension until May 30, 2016 to file her amended complaint.

**III. CONCLUSION**

For the reasons stated above, the Court adopts the Report's factual findings and legal conclusions regarding Plaintiff's federal law claims and its recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants' motion to dismiss is granted in its entirety, and the complaint is dismissed. Plaintiff is granted leave to file an amended complaint on or before **Monday, June 20, 2016**. If no amended complaint is filed with the Court by that date, the action shall be closed *sua sponte* without further notice to any party.

**SO ORDERED.**

                 s/ Sandra J. Feuerstein
                 Sandra J. Feuerstein
                 United States District Judge

Dated: February 25, 2016
    Central Islip, New York